

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

OZELIA HICKS, JR.,

    Plaintiff,

v.                              Civil Action No. 3:17CV406

LAURA S. KHAWAJA,

    Defendant.

## MEMORANDUM OPINION

By Memorandum Order entered on June 7, 2017, the Court conditionally docketed this action. At that time, the Court directed Ozelia Hicks, Jr. to submit a statement under oath or penalty of perjury that:

    (A)  Identifies the nature of the action;
    (B)  States his belief that he is entitled to relief;
    (C)  Avers that he is unable to prepay fees or give security therefor; and,
    (D)  Includes a statement of the assets he possesses.

See 28 U.S.C. § 1915(a)(1). The Court provided Hicks with an in forma pauperis affidavit form for this purpose.

Additionally, the Court directed Hicks to affirm his intention to pay the full filing fee by signing and returning a consent to the collection of fees form. The Court warned Hicks that a failure to comply with either of the above directives within thirty (30) days of the date of entry thereof would result in summary dismissal of the action.

Hicks has not complied with the order of this Court. Hicks failed to return the in forma pauperis affidavit and the consent to collection of fees form.[1] As a result, he does not qualify for in forma pauperis status. Furthermore, he has not paid the statutory filing fee for the instant action. See 28 U.S.C. § 1914(a). Such conduct demonstrates a willful failure to prosecute. See Fed. R. Civ. P. 41(b). Accordingly, this action will be dismissed without prejudice.

The Clerk is directed to send a copy of the Memorandum Opinion to Hicks.

/s/ REP

Robert E. Payne
Senior United States District Judge

Date: July 20, 2017
Richmond, Virginia

---

[1] Instead of following the Court's directives in the June 7, 2017 Memorandum Order, Hicks wrote a letter seeking recusal of the undersigned. (ECF No. 5.) Hicks claims that the Court exhibited "the appearance of bias, not impartial, racist remarks and comments" in a prior action. (Id. at 1.) Contrary to Hicks's belief, an unfavorable ruling fails to constitute a valid basis for a judicial bias claim. See United States v. Williamson, 213 F. App'x 235, 237-38 (4th Cir. 2007) (citing Liteky v. United States, 510 U.S. 540, 555 (1994)). The Court harbors no bias against Hicks, and Hicks has not demonstrated any circumstance where the impartiality of the undersigned might be reasonably questioned. Accordingly, his letter request for recusal (ECF No. 5) will be denied.